UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Steven Ray Murphy, | ) | CASE NO. 5:19 CV 681 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| Joseph D. Knight, *et al.*, | ) | AND ORDER |
| | ) | |
| | ) | |
| Defendants. | ) | |

On March 27, 2019, *pro se* plaintiff Steven Ray Murphy filed a fee-paid complaint in this action under 42 U.S.C. § 1983 against over fifty defendants, broadly asserting a conspiracy to commit kidnapping, murder, extortion, racketeering, and fraud. (Doc. No. 1.) On April 5, 2019, he filed an Amended Complaint, purporting to add even more defendants and assert additional, conclusory constitutional claims and jurisdiction pursuant to "Executive Order No. EO–01318 Blocking the Property of Persons Involved in Serious Human Rights Abuse or Corruption." (Doc. No. 4.) Neither the plaintiff's original Complaint nor his Amended Complaint set forth cogent allegations or legal claims against the various defendants. His rambling pleadings and are virtually impossible to parse. The plaintiff purports to sue over eighty defendants, including numerous Wayne County and other government employees, officials, and judges, apparently in connection

with the removal of his children from his home by Wayne County Children Services and other state convictions and run-ins he has had with law enforcement. For relief, he seeks damages and "to have all defendants' assets: inheritances, life insurance, retirements, proceeds, bonds, stocks, pensions, titles, deeds, funds of all kinds going and coming, seized until the case is finally disposed of." (Doc. No. 1 at 41; Doc. No. 4 at 35.)

Numerous defendants have filed motions to dismiss the plaintiff's complaint.[1] It is not necessary for the Court to address each of these motions, however, because the Court finds upon its own review that the plaintiff's complaint is subject to summary dismissal.

Federal district courts are authorized "at any time, [to] *sua sponte* dismiss" even a fee-paid *pro se* complaint "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

Dismissal of the plaintiff's action is warranted under *Apple v. Glenn*. The plaintiff's allegations are so incoherent, conclusory, implausible, and frivolous that they do not provide a basis to establish this Court's subject-matter jurisdiction over any claim in the case. The plaintiff's pleadings do not set forth intelligible allegations sufficient to give the defendants fair notice of the basis of his claims, or to suggest he has any plausible claims. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief). Further, the plaintiff has already pursued civil actions pertaining to Children Services' involvement with his

---

[1] *See, e.g.*, Doc. Nos. 39, 41, 43, 44, 78, 81, 97, 104, 106, 110, 114, 122, 127, 128.

children and related child custody proceedings, and to other encounters he has had with local law enforcement, and this and other Courts have already clearly ruled that the plaintiff alleged no plausible federal civil claims. *See Murphy v. Koster, et al.*, Case No. 5: 10 CV 2095 (N.D. Ohio Dec. 13, 2010); *Murphy v. Northwestern School Dist., et al.*, Case No. 5: 12 CV 2429 (N.D. Ohio Apr. 26, 2013); *Murphy v. Lenart, et al.*, Case No. 5: 17 CV 1560 (N.D. Ohio Aug. 17, 2017).

The plaintiff's repeated effort to challenge the same matters here is without merit and no longer open to discussion.

**Conclusion**

Accordingly, this action is dismissed for lack of subject-matter jurisdiction pursuant to the Court's authority established in *Apple v. Glenn*, 183 F.3d 477. In light of this dismissal, the various dispositive and other motions by the defendants are denied as moot. The plaintiff's motion for leave to file a "2nd Amended Complaint" (Doc. No. 103) is denied on the basis that such amendment would be futile and frivolous. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Date: July 8, 2019         /s/ John R. Adams
                          JOHN R. ADAMS
                          UNITED STATES DISTRICT JUDGE