UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| STEVEN RAY MURPHY, | ) | JUDGE JOHN R. ADAMS |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | CASE NO.: 5:19CV00681 |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| JOSEPH D. KNIGHT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the unopposed motion of Bailiff Meding and Bailiff Rizzo[] for Rule 11 Sanctions. (Doc. 131.) For the reasons stated therein, the Motion is hereby GRANTED.

Specifically, Defendants Meding and Rizzo have argued the following.

> Plaintiff appears to allege that the Defendants engaged in a broad conspiracy against him relating to various encounters he had with several people over the past ten to eleven years, child custody proceedings, and driving without a valid driver's license. However, this is not the first time Plaintiff has sought relief in federal court based on this set of circumstances. In fact, the instant case is the fifth pro se lawsuit filed by Plaintiff in federal court asserting violations of his constitutional rights and each case has been dismissed in its entirety, either by the respective court or voluntarily by Plaintiff.[Fn. 1]
>
> On March 27, 2019, Plaintiff filed his original Complaint in this action alleging what appear to be civil rights violations and various violations of the federal criminal code against fifty-one (51) Defendants. The only allegations in the Complaint against Bailiff Meding and Bailiff Rizzo are that they arrested Plaintiff pursuant to a warrant on October 13, 2011. On April 5, 2019, Plaintiff filed an Amended Complaint, naming thirty-eight (38) additional Defendants, bringing the total number of Defendants in this case to eighty-nine (89). Plaintiff made no allegations against Bailiff Meding or Bailiff Rizzo in his Amended Complaint.

Given that the Amended Complaint superseded the original Complaint, these Defendants filed their Answer to the Amended Complaint and filed and served an Amended Answer to the Amended Complaint on April 26, 2019. Nevertheless, on April 26, 2019 Plaintiff filed applications to the Clerk Requesting Default Judgment against twenty-three (23) Defendants, including Bailiff Meding and Bailiff Rizzo. On May 14, 2019, Plaintiff moved for leave to file a Second Amended Complaint in order to "clarify" his claims and add three additional defendants without bothering to attach a copy of the proposed amendment.

For the reasons set out below, an order enjoining Plaintiff from filing additional claims in federal court without first obtaining [ ] approval is the only way to ensure Plaintiff does not continue to engage in this unfounded and harassing behavior.

\*\*\*

Fed. R. Civ. P. 11(b) states, in relevant part, "By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it— an…unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law…

Pursuant to Fed. R. Civ. P. 11(c), if a court determines that Rule 11(b) has been violated, it may impose an appropriate sanction on any party that violated the rule. A sanction must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. Fed. R. Civ. P. 11(c)(4). Plaintiff has violated Rule 11(b) twice as it relates to these Defendants. First, he filed a Complaint against them upon which no reasonable person could believe that relief may be granted. Then, he filed an application requesting default judgment against these Defendants in the amount of $3,850,000, despite the fact that these Defendants did not fail to plead or otherwise defend the case. [Fn 2] Neither of these actions were warranted by law and could only have been taken to harass these defendants.

The several reasons that Plaintiff's Complaint(s) fail to state a claim upon which relief may be granted are outlined thoroughly within Bailiff Meding and Bailiff Rizzo's Motion for Judgment on the Pleadings. In short, the claims against these Defendants are obviously barred by the applicable statute of limitations, these Defendants are entitled to quasi-judicial immunity for their actions, and neither the Complaint nor the Amended Complaint assert a cognizable constitutional violation against either of these Defendants.

Moreover, the Motion to Strike Requests for Default Judgment Filed Against Defendants Bailiff Meding and Bailiff Rizzo outlines in detail the reasons that Plaintiff's request for default judgment was frivolous; specifically, he applied for default judgment before the time in which these Defendants were required to serve their Answer to the Amended Complaint began to run, and these Defendants did not fail to plead or defend this case.

"Pro se filings do not serve as an 'impenetrable shield from the application of Rule 11, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Bush v. OPM-Post Retirement*, No. 1:14-cv-424, 2014 WL 2442163, *2 (SD Ohio May 30, 2014), *quoting Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988). A court may impose pre-filing restrictions as a mechanism to stop the constant flow of meritless and repetitive complaints being filed on the same or similar matters. *Bush*, *supra*, citing *Feathers v. Chevron USA, Inc., et al.*, 141 F.3d 264, 269 (6th Cir. 1998). In *Bush*, the court found that issuing a warning to the Plaintiff would be fruitless, as Plaintiff had already ignored prior warnings by the court and filed litigation after the receipt of those warnings. Instead, it found that sanctions similar to those imposed in *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996) were appropriate. In *Ortman*, the Sixth Circuit provided that the plaintiff should be enjoined from filing additional litigation in federal district court without receiving a certification from a United States Magistrate Judge that the claims asserted were not frivolous or brought for an improper purpose.

As in *Bush, supra*, issuing a warning to Plaintiff would be of no benefit, as two of his prior cases terminated in dismissal for failure to state a claim upon which relief may be granted against several of the Defendants to the instant case based on the same set of alleged facts, but he filed the instant case anyway. (*Steven Ray Murphy v. Ryan Koster*, 5:10 CV 2095, ECF No. 17; *Steve Murphy v. Kevin Lenart, et al.*, 5:17 CV 1560). An injunction barring Plaintiff from filing additional claims in federal district court without the approval of a Magistrate Judge is the most appropriate avenue for deterring him from committing additional Rule 11(b) violations.

\*\*\*

For the foregoing reasons, Bailiff Meding and Bailiff Rizzo request this Honorable Court impose a sanction in the form of enjoining Plaintiff from filing additional claims in federal court, pursuant to Fed. R. Civ. P. 11.

[FN 1]  *Steven Ray Murphy v. Ryan Koster, et al.*, 5:10-cv-2095, *Steven Ray Murphy v. Micheal Rickett, et al.*, 5:11-cv-2296, *Steve Murphy v. Northwestern School District, et al.*, 5:12 cv 02429, *Steve Murphy v. Kevin Lenart, et al.*, 5:17-cv-1560.

[FN 2]  *Plaintiff also filed Requests for Default Judgment against other parties that had properly responded to his Complaint. For example, eight Defendants who serve in some type of judicial capacity filed a timely motion to dismiss in this case. Curiously, Plaintiff filed Requests for Default Judgment against only three of those Defendants. See Memorandum in Opposition to Plaintiff's Applications for Default Judgment against the Hon. Timothy Van Sickle, the Hon. Stephen McIlvaine, and the Hon. Michael Rickett, ECF No. 86, PageID 712 – 714.*

(Doc. 131.)

Defendants' unopposed arguments are well-taken. It is clear to this Court that a Rule 11 sanction is warranted at this time in view of Mr. Murphy's conduct in this case, and to prevent further frivolous, vexatious, and harassing filings by Mr. Murphy.

Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs the ability to carry out Article III functions. *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986). Moreover, this court has the responsibility to prevent litigants from unnecessarily encroaching on judicial machinery needed by others. *Id.* To achieve these ends, the United States Court of Appeals for the Sixth Circuit has approved enjoining vexatious and harassing litigants by requiring them to obtain leave of court before submitting additional filings. *Filipas v. Lemons*, 835 F.2d 1145 (6th Cir. 1987); *Wrenn v. Vanderbilt Univ. Hosp.*, Nos. 94-5453, 94-5593, 1995 WL 111480 (6th Cir. Mar. 15, 1995)(authorizing a court to enjoin harassing litigation under its inherent authority and the All Writs Act, 28 U.S.C. § 1651(a)(citations omitted)).

Mr. Murphy has established a pattern of filing complaints in this court which are patently frivolous and vexatious, and which appear calculated to harass the defendants and abuse the judicial process. Accordingly, it is hereby ORDERED that Stephen Ray Murphy is PERMANENTLY ENJOINED from filing any new lawsuits or any other documents in federal court without seeking and obtaining leave of court in accordance with the following:

> 1. He must file a "Motion Pursuant to Court Order Seeking Leave to File" with any document he proposes to file and he must attach a copy of this Order to it (any such motion should be filed in a miscellaneous case).
>
> 2. As an exhibit to any motion seeking such leave, he must also attach a declaration which has been prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that (1) the document raises a new issue which has

never been previously raised by his in this or any other court, (2) the claim or issue is not frivolous, and (3) the document is not filed in bad faith.

     3.    By means of a second exhibit, he must identify and list: (a) the full caption of each and every suit which has been previously filed by him or on his behalf in any court against each and every defendant in any new suit he wishes to file, and (b) the full caption of each and every suit which he has currently pending.

     4.    As a third exhibit to the motion, he must provide a copy of each complaint identified and listed in accordance with the foregoing paragraph 3 and a certified record of its disposition.

The Court may deny any motion for leave to file if the proposed document is frivolous, vexatious or harassing. If the motion is denied, the document shall not be filed. Further, Mr. Murphy's failure to comply with the terms of this Order shall be sufficient ground for this court to deny any motion for leave to file, and may be considered an act of contempt for which he may be punished accordingly.

Moreover, to prevent future harassment by plaintiff and the waste of this Court's limited resources, the Clerk's Office is hereby ORDERED as follows:

(1) Any document submitted by Mr. Murphy prior to his obtaining leave to file shall not be filed unless it is specifically identified as a "Motion Pursuant to Court Order Seeking Leave to File," and unless it contains: 1) an affidavit or sworn declaration as required by this order; 2) a copy of this Memorandum of Opinion; and, 3) the exhibits required by this Memorandum of Opinion.

(2) The Clerk's Office shall not accept any filing fees, cover sheets, in forma pauperis applications, summonses, or U.S. Marshal Forms, in connection with any Motion Pursuant to Court Order Seeking Leave to File which Mr. Murphy files, unless and until leave is granted.

Accordingly, Mr. Murphy is permanently enjoined from filing any new lawsuits or other documents without seeking and obtaining leave of court in accordance with this Memorandum of

Opinion and Order.

**IT IS SO ORDERED.**

| | |
|---|---|
| **March 9, 2020** | **/s/ John R. Adams** |
| **Date** | **John R. Adams** |
| | **U.S. District Judge** |